THERESA ELLIS et al.

*v.*

MARY FEIST et al.

[Filed December 5th, 1903.]

1. Where defendant in partition challenges the title of complainant, the court will not proceed with the suit until the legal title is settled by an action at law, unless the right of complainant or defendant involves some equitable question.

2. The court cannot retain a suit for partition, as one to quiet title and partition, where the bill does not show that complainant is in possession of the land.

3. Where, in partition, defendant in possession challenges the title of complainant, ejectment is an adequate proceeding to try the title.

On bill for partition.

*Mr. Edwin R. Walker,* for the complainant.

*Mr. Harry C. Valentine,* for the defendant Margaret Feist.

*Mr. Frank S. Katzenbach* (*Mr. Hunt*), for the defendant Mary Feist.

REED, V. C.

The complainants are the children or grandchildren of Baptist Feist and his wife, Theresa Rothweiler Feist. The defendants are the widow and child of said Baptist Feist, the widow being Mary, the second wife of Baptist Feist, and the child being the offspring of the second marriage.

The contest concerns the title of Baptist Feist at the time of his death, on April 26th, 1903. The question arises in this way: The property sought to be partitioned was, on September 14th, 1864, conveyed by Frederick Wenzel and wife to Theresa Roth-

weiler. Theresa Rothweiler was then the wife of Baptist Feist, but the name "Feist" was omitted in indicating the grantee in the deed.

Theresa Rothweiler died about 1869. On November 15th, 1871, Frederick Wenzel, the grantor in the former deed, made another deed for the same property to Baptist Feist. This deed recites that a previous conveyance was made to Theresa Rothweiler and observes that, as there was no person by that name and the conveyance is void, this deed (the last-named deed) is given to rectify the error.

Now, if the grantee in the first deed was sufficiently described to point out the then wife of Baptist Feist as such grantee, then, after her death, Feist had an estate by the curtesy, which expired upon his death, and thereafter the property belonged to the heirs of Theresa alone. If the grantee in the first deed could not be identified by the name "Theresa Rothweiler," then the second deed became operative, and upon the death of Baptist Feist the property passed under the terms of his will to his widow and daughter Mary, the child of his second wife, Mary.

The answers of the widow and child challenge the title of the complainant.

This condition of affairs deprives this court of jurisdiction to proceed with this suit until the legal title is settled by an action at law (*Slockbower et al.* v. *Kanouse, 5 Dick. Ch. Rep. 481*), unless the right of the complainant or defendant rests upon or involves some equitable question. *Vreeland* v. *Vreeland, 4 Dick. Ch. Rep. 322.*

Counsel for the complainants insists that the suit may be retained as one to quiet title and partition. But the radical defect in the bill as one to quiet title in complainants is that it does not show that the complainants are in possession. The facts appearing in the testimony, so far as they show anything respecting possession, seem to disclose that Mary and her child are in exclusive possession. An action of ejectment, therefore, is an adequate proceeding to try the title. *Sheppard* v. *Nixon, 16 Stew. Eq. 627, 632.*

I will hold the bill a reasonable time for the complainants to have their title determined at law.